UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>(1) MOISES RODRIGUES  )<br>)<br>Defendant  )<br>) | M.J. No. 19-10301-ADB |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by undersigned counsel, respectfully submits this Sentencing Memorandum for the defendant, Moises Rodrigues. Given the nature and circumstances of Rodrigues' offense, his history and characteristics, and the factors set forth in 18 U.S.C. § 3553, a sentence of 78 months is the minimum sentence sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553.

**Background**

On October 1, 2020, Defendant pled guilty to the four-count indictment, charging him with conspiracy to distribute and possess with intent to distribute forty grams or more of fentanyl, ten grams or more of acetyl fentanyl, and carfentanil; and three counts of distribution of fentanyl and/or acetyl fentanyl. These charges are based on five controlled sales of fentanyl and/or fentanyl analogues Rodrigues made between March and June 2019. These sakes included over a thousand fentanyl/acetylfentanyl pills, as well as fentanyl and carfentanil powder. Rodrigues coordinated the details of all of these transactions via text messages and calls, and delivered the drugs himself for four of the five sales. For the fifth sale, Rodrigues sent his "runner" (his word), who had worked for him for "years" (his description), Robert Soucy, to deliver the drugs.

Following these transactions, agents with the Drug Enforcement Administration executed a search warrant at Rodrigues' home and found additional controlled substances, including cocaine, carfentanil and fentanyl powders, and more acetylfentanyl pills.

## Application of the Sentencing Guidelines

The parties and United States Probation Office agree on the guidelines calculation. Based on the combined and converted weight of all of the various substances attributable to Rodrigues here, his base offense level is 28. As defendant himself concedes, he is properly considered an organizer, leader, manager, or supervisor based the control he exercised over his "runner' and co-defendant, Robert Soucy, and thus has earned a two-level increase. With a three-level reduction for his prompt acceptance of responsibility, the total offense level is 27.

With a criminal history category of II, the guideline sentencing range is 78 to 97 months, and there is an applicable mandatory minimum sentence of 60 months.

## Argument

The defendant distributed one of the deadliest controlled substances available. *See* https://www.cdc.gov/drugoverdose/data/fentanyl.html ("Carfentanil, the most potent fentanyl analog detected in the U.S.") Carfentanil is used as a tranquilizer for elephants and other large mammals. "Carfentanil is a synthetic opioid that is 10,000 times more potent than morphine and 100 times more potent than fentanyl, which itself is 50 times more potent than heroin."[1] Carfentanil is not approved for use in humans and the lethal dose to humans remains unknown. Carfentanil and acetylfentanyl are both analogues of the synthetic opioid fentanyl, however, and we know that as little as 2-milligrams of the fentanyl can be lethal.[2] In total, the defendant is

---

[1] https://www.dea.gov/press-releases/2016/09/22/dea-issues-carfentanil-warning-police-and-public
[2] *See* https://www.mass.gov/advisory/trial-court-safety-advisory-and-protocols-for-fentanyl-and-carfentanil

responsible for over 5 grams of carfentanil, 75 grams of acetylfentanyl, 37 grams of fentanyl, and 3 grams of cocaine.

While these substances are extremely dangerous on their own, they are made all the more deadly when the substances are disguised as other, less potent, drugs.  Here, Rodrigues primarily distributed blue pills made to look like pharmaceutical-grade oxycodone pills, but which were actually fentanyl/acetylfentanyl.  He also sold—through his runner—fentanyl marketed as heroin, and carfentanil marketed as fentanyl.

In his sentencing memorandum, defendant asks the Court to vary below his natural guideline range by nearly 25% and impose only the statutorily-mandated 60 months.  Given the incredibly dangerous nature of the drugs he repeatedly distributed, the manner in which he distributed them, and the defendant's criminal history (which includes multiple convictions for domestic assault, among other offenses), no such downward departure is warranted.

In light of the 3553(a) factors, a sentence of 78 months is sufficient, but not greater than necessary to achieve the goals of sentencing.

January 19, 2021                                    Respectfully submitted,

                                                    ANDREW E. LELLING
                                                    United States Attorney

                                    By:     /s/ *Lauren A. Graber*
                                            Lauren A. Graber
                                            Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed today through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

      */s/ Lauren A. Graber*
      Lauren A. Graber
      Assistant United States Attorney

January 19, 2021